IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 16-cr-00325-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DONALD RAY THOMAS,

    Defendant.

_____

**ORDER**
_____

    This matter comes before the Court on Defendant's Motion to Revoke Magistrate Judge's Detention Order Pursuant to 18 U.S.C. § 3145(b) and for Release on Conditions [Docket No. 30]. A district court reviews a magistrate judge's detention or release order de novo and makes "an independent determination of the proper pretrial detention or conditions for release." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (quotation omitted). The Court has reviewed recordings of the February 2, 2017 and March 8, 2017 bond hearings, as well as the magistrate judge's March 8, 2017 order [Docket No. 23].

    Pretrial detention is governed by 18 U.S.C. § 3142. A defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); 18 U.S.C. § 3142(b), (c). At a detention hearing, the United States has the burden of proving risk

of flight by a preponderance of the evidence and danger to another person or to the community by clear and convincing evidence. *Cisneros*, 328 F.3d at 616.

At the time of the detention hearings, the defendant was charged with one count of being a felon in possession of a firearm.

At the February 2, 2017 detention hearing, the defendant indicated that his fiancée, Ashley Ortiz, had a stable home in Ft. Collins, although she might move to Denver. In any event, the defendant said that Ms. Ortiz was willing to allow the defendant to live with her. The defendant also indicated that he had been diagnosed with stomach cancer in 2015, that Ms. Ortiz believed that it was stage 3 cancer, and that the defendant had not had any treatment for it although he had an oncologist. The defendant indicated that he experienced stomach pain as a result. The defendant said that he has job opportunities and is trained as a barber. Due to his training as a barber, he believed that he could find a job in Ft. Collins.

At the February 2, 2017 hearing, the United States asked that the defendant be detained without bond. The government argued that the defendant was a flight risk based on nine failures to appear and numerous revocations of probation or parole in his state cases and argued that the defendant was a danger to the community. In support, the government stated that, after the filing of the indictment in October 2016, the defendant was not arrested until January 2017, at which time he was in possession of a firearm, which may result in a superseding indictment. In fact, the grand jury returned a superseding indictment on April 10, 2017, adding such a charge. The United States indicated that, when officers stopped the car the defendant was driving on August 26, 2016 and found a gun in the car, the defendant told them that he bought the gun for

2

protection. The gun was loaded. Based upon that and his criminal history, the United States argued that the defendant posed a danger. The magistrate judge agreed with the United States and ordered that the defendant be detained. A detention order was filed later that day. Docket No. 15.

On March 1, 2017, the defendant filed a Motion to Reopen [Docket No. 19]. A hearing on that motion took place on March 8, 2017. The new information on which the defendant based his motion was, first, that his six month old son was admitted to the hospital on February 17, 2017 with brain injuries consistent with child abuse. The defendant indicated that he feels badly that he was not able to protect his son due to his detention, which provides a motive for him to do well on bond. The defendant wants to be able to visit his son in the hospital. Second, the defendant indicated that his paternal half-brother is willing to allow the defendant to live with him and would be willing to install a telephone line to allow electronic monitoring. Third, that the defendant's family is willing to give him a job as an electrical apprentice with Platinum Electric. As a result, the defendant argued that he is not a flight risk and is not a danger to the community. The defendant proposed that he be released on conditions, such as GPS or home monitoring. During the hearing, the magistrate judge explored the possibility of deputies from the United States Marshals Service accompanying the defendant, while in custody, to the hospital to visit his son.

The magistrate judge issued a written order denying the motion to reopen. Docket No. 23. He based his order on the defendant's criminal history, including his January 2017 arrest where he was found in possession of another weapon; the fact that his half-brother also has a criminal history, including convictions for gun-related crimes;

and that the defendant may feel compelled "to bring some form of justice to any person who might be responsible" for his son's injuries. *Id*. at 2. The magistrate judge also concluded that a "compassionate furlough" for the defendant to visit his son in the hospital involved too many costs and logistical problems. *Id*.

In the motion to revoke, the defendant argues that this case does not involve a statutory presumption of detention and that, unless the government has shown by clear and convincing evidence that the defendant is a flight risk or poses a danger to others, he must be released. Docket No. 30 at 3. As to the issue of him being a flight risk, the defendant argues that he can live with his half-brother and can be monitored there, that he has an apprentice job lined up, and that his desire to care for his son will provide a strong incentive for him to stay in the Denver area. *Id*. at 3-4. As to him being a danger to others, the defendant states that the October 2016 traffic stop forming the basis of the first count was routine, that he was cooperative and provided his correct name, and that he has filed a suppression motion based on the stop. *See* Docket No. 24. Moreover, the defendant argues that the magistrate judge based his March 8 order on information about the half-brother's criminal history that was not made available to the parties and that there is no evidence supporting the magistrate judge's fear that the defendant might retaliate against whoever injured his son.[1] Docket No. 30 at 5.

The Court agrees with the magistrate judge that the preponderance of the evidence demonstrates that no conditions of release "will reasonably assure the appearance of such person as required." § 3142(e)(1). Over the past ten years, the

---

[1]The Court will not consider the half-brother's criminal history and will not assume that the defendant may retaliate against whoever may have injured his son.

defendant has failed to appear ten times in his numerous criminal cases. Docket No. 16 at 6-15. In addition, he has had probationary sentences revoked four times, parole revoked four times, and absconded from intensive supervision parole in two different cases. The defendant argues that his apprenticeship and the ability to live with his half-brother mitigate this history of noncompliance, but the record does not bear this out. According to the Pretrial Services Report, Ms. Ortiz said that the defendant has been living with his sister and has been working for her family doing snow removal and landscaping. *Id*. at 3. Living with a family member and having employment has not motivated the defendant to comply with court obligations. In the last year, defendant has failed to appear five times. While the defendant undoubtedly would be motivated to visit his son in the hospital, that situation, as sad as it is, cannot mitigate a ten-year history of failing to do what courts have required him to do.

As to whether the defendant is a danger to any other person or the community, the Court agrees with the magistrate judge that the defendant's criminal history provides clear and convincing evidence that he is. On June 15, 2010, the defendant pled guilty to robbery in two different Denver County cases that apparently had a gang connection. And, in fact, the defendant admits that he was associated with the Gangster Disciples from ages 10 to 29. In his case, he is charged with possessing a firearm on August 26, 2016, where he was arrested during a traffic stop, and again on January 6, 2017. According to the government, at the time that the firearm was found on August 26, 2016, the defendant stated that, despite knowing that he was a felon, he purchased the firearm for protection. There is no reason to believe that the defendant would not have a similar motive if released on conditions. Finally, after have been

arrested and charged with being a felon in possession of a firearm in August 2016, the defendant allegedly possessed another firearm in January 2017, which suggests that he is strongly motivated to arm himself with deadly weapons, thus endangering the community.

Upon de novo review of the February 2, 2017 detention order and the order denying the defendant's Motion to Reopen [Docket No. 19], the Court finds no error in the magistrate judge's orders that no condition or combination of conditions "will reasonably assure the appearance of such person as required and the safety of any other person and the community" and that, as a result, the defendant should be detained without bond.

Wherefore, it is

**ORDERED** that Defendant's Motion to Revoke Magistrate Judge's Detention Order Pursuant to 18 U.S.C. § 3145(b) and for Release on Conditions [Docket No. 30] is denied.

DATED April 12, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge